**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-7047**

LEON JOHNSON,

Plaintiff - Appellant,

v.

B. MAYS, Sued in Individual Capacity; J. R. MASSINGILL, Sued in Individual Capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth K. Dillon, Chief District Judge.  (7:22-cv-00342-EKD-JCH)

Submitted:  February 27, 2025                              Decided:  March 4, 2025

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Leon Jermaine Johnson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Jermaine Johnson[1] seeks to appeal the district court's order granting Defendants' motion for summary judgment in this 42 U.S.C. § 1983 action and denying Johnson's motions for summary judgment, to appoint counsel, for entry of default, and to remove admissible evidence. In civil actions, parties are accorded 30 days after the entry of the district court's final judgment to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on September 6, 2024, and the appeal period expired on October 7, 2024. Johnson's notice of appeal was postmarked October 29, 2024.[2] As a result, her appeal is untimely.

However, Johnson filed her notice of appeal within the 30-day excusable neglect period in Rule 4(a)(5). Additionally, Johnson stated in the notice of appeal that she did not receive legal mail until September 13, 2024, because she was under a mental health watch. We construe Johnson's notice of appeal as a motion to extend or reopen the appeal period. Accordingly, we remand to the district court for the limited purpose of making the

---

[1] Johnson is transgender and refers to herself using feminine pronouns. We do so also.

[2] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date that Johnson could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

necessary factual findings to determine whether Johnson can show excusable neglect or good cause to extend the appeal period under Rule 4(a)(5), or whether she can satisfy Rule 4(a)(6)'s requirements warranting reopening of the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*